JOHN MURRAY v. THE STATE.

After conviction for assault with intent to murder the defendant moved for a new trial on the ground of newly discovered evidence, which had reference to threats made by the assaulted party; the court below overruled the motion, and this court sustains the ruling. To a prosecution for assault with intent to murder, it is no defense that the assaulted party had made threats against the accused; and it is no mitigation of the offense that the assaulted party had armed himself for a voluntary fight, it appearing that the accused, after arming himself, sought to renew the combat.

APPEAL from Montague. Tried below before the Hon. C. C. Binkley.

The first that was known of this difficulty, the defendant and one Lawson were quarreling near Newberry's store, in the town of Montague. Lawson retreated, and while he was retreating, the defendant snapped one or two caps on a six-shooter,

which missed fire. The parties then separated; Lawson went to his boarding-house, and defendant went off and got another pistol, and returned to the place where the difficulty commenced. Lawson was then standing inside of the yard fence of his boarding-house, some fifty or sixty yards off, with a needle gun. The parties then commenced firing; defendant firing two shots and Lawson one. After Lawson fired, he turned and went back into the house, after which there was no more firing.

The defendant was indicted for assault with intent to murder, and on the trial of the case, was convicted and sentenced to the penitentiary for two years.

The defendant moved for a new trial, on the ground of newly discovered evidence, relating to threats made by the assaulted party against him. The motion for a new trial being overruled, the defendant excepted and gave notice of appeal.

No brief for the appellant has reached the hands of the reporter.

*William Alexander*, *Attorney-General*, for the State.

OGDEN, J. The appellant was convicted of an assault with intent to murder. There is no assignment of errors, and no bill of exceptions to the rulings of the court, taken at the trial. There was, however, a motion for a new trial, on the account of newly-discovered testimony, which motion was overruled by the court, and we think properly. The newly-discovered testimony had reference to threats made by the assaulted party previous to the difficulty; but there was positive proof that at the time of the first difficulty, the assaulted party was wholly unarmed, and the statement of Williams, that Lawson said to him, that he put his hand in his pocket to scare the accused, was only hearsay evidence at the best, and could have no reference to the second meeting of the parties, when the appellant had voluntarily gone off and armed himself anew and returned to renew the difficulty, and actually fired two shots at Lawson.

Had Lawson been killed on the second meeting, the killing would, without doubt, have been murder in the appellant. And it is no mitigation of the offense in the appellant, that Lawson had armed himself for a voluntary fight, as the appellant, after arming himself, apparently sought to renew the assault. There is no error in the judgment of the District Court, and it is affirmed.

Affirmed.