J. C. Skaggs v. The State.

*No. 53. Decided February 24.*

1. **Murder — Opinion Evidence — Practice.** — On a trial for murder, where the wife of the accused had stated in her testimony that she knew her husband was going to kill the deceased, *held*, that the statement was opinion evidence, and incompetent for any purpose, but the error was cured by the court's withdrawal of the statement from the consideration of the jury.

2. **Proof of General Reputation of Deceased After Homicide.—** On a trial for murder, where defendant proposed to introduce evidence of the general reputation of deceased, acquired after the homicide, *held*, that the evidence was properly excluded.

3. **Same—Evidence—Defendant's Knowledge of Deceased's Violent and Dangerous Character.—** Under certain circumstances, it would be reversible error to reject proposed testimony of defendant himself to the effect that he knew of acts of violence committed by deceased, which tended to prove that he was a man of violent and dangerous character; but such error will not constitute reversible error where, under the other facts in the case, it is manifest that its admission would not have affected the result of the trial.

4. **Charge of Court — Self-Defense.** — On a trial for murder, where the court, in charging the defensive phase of the case, had instructed the jury under article 571 of the Penal Code, with regard to presumption arising from the use of weapon, and it was objected that the court erred in further charging the jury the law as contained in article 572, Penal Code· *Held*, that the charge properly embraced the law of both articles, because under the facts the jury may not have believed it was the purpose and intent of deceased to commit the offense of murder, or to inflict upon defendant such injury as might result in his death. And in this view of the case the provisions of article 572 announced the proper rule.

Appeal from the District Court of Comal. Tried below before Hon. T. M. Paschal.

On a trial in the court below, on an indictment charging him with the murder of one J. W. Erkles, on the 25th day of September, 1891, in Comal County, by shooting him with a pistol, appellant was found guilty of murder in the second degree, and his punishment affixed at five years confinement in the penitentiary.

The essential facts pertaining to the mode and manner of the killing are all contained in the dying declarations made by deceased, reduced to writing, and signed by him before his death; and it is unnecessary to make a further statement of the facts, since these dying declarations will be found set out in full in the opinion of the court. The other questions discussed in the opinion need no further illustration from the record.

No brief for appellant has come into the hands of the Reporter.

*R. L. Henry*, Assistant Attorney-General, for the State.

HURT, Presiding Judge.—Appellant was convicted of murder in the second degree, for the murder of J. W. Erkles. If the history of the facts and circumstances attending the homicide contained in the dying declarations are true, we think appellant was justly convicted of murder in the second degree, provided there was no reversible error or errors made by the court in admitting or rejecting evidence or instructions to the jury.

Counsel for appellant contend that there was error in admitting the statement of Mrs. Skaggs made to Mason Erkles, namely, that she knew that her husband (defendant) was going to kill deceased. This statement was not competent for any purpose; but when the opinion of this court in the Drake case, 29 Texas Court of Appeals, 266, was read to the court, the learned trial judge withdrew the statement from the consideration of the jury.

Appellant proposed to introduce in evidence the general reputation of the deceased, acquired after the homicide. Upon objection by the State, the proposed evidence was rejected. In this there was no error. Appellant proposed to prove by himself that he knew of acts of violence committed by deceased, which tended to prove deceased a man of violent and dangerous character. Upon objection made by the State, he was not permitted to do so. Under certain circumstances the rejection of such evidence would be reversible error (Childers v. The State, 30 Texas Court of Appeals, 160; 2 Bishop's Criminal Procedure, sections 609, 610); but under the facts of this case such evidence would not have affected the result.

Deceased, in his dying declarations, states: "On this morning I found my fence cut. As this was done on several different occasions, and as I was told that Skaggs had acknowledged the same, I went on the road to his house to inquire into the matter. Previous to this I had been to his house a couple of times, but could not find him. As I say, on the road I met Skaggs, and inquired of him if he had cut my fence, and also his reasons. I sent Mason, my son, to repair the same. Skaggs' reply was: 'Yes, damn it, I cut it, and will cut it again if you put it up.' I then slapped him with my open hand in the face, he (Skaggs) drawing his pistol, and striking me over the forehead, nearly knocking me off my horse. Further trouble was stopped at this time, and we rode along for a certain distance, say 300 or 400 yards, when the dispute about the fence was renewed. One word followed another, until he remarked, 'I have been carrying this weapon for the last year for you, and I might as well make use of it now as ever. I intend to kill you, anyhow.' The shooting then commenced, one striking me in front, and the other in the side. I made no resistance, being unarmed. After I was shot I asked Skaggs to take me home, which he refused. I tried to ride home, but fainted on

the road, when Skaggs returned,. and I asked him to let my family know where to find me. Skaggs must have done so, for it was not long before Mr. Simon and others came to my assistance. This is my dying statement, so help me God. [Signed] J. W. ERKLES."

After deceased slapped defendant, and defendant struck him over the forehead with his pistol, they rode along about 300 or 400 yards, when the dispute about the fence was renewed. One word followed another, until defendant remarked, "I have been carrying this weapon for the last year for you, and I might as well use it now. I intend to kill you anyhow,"—"when the shooting commenced." If the jury believed these facts, evidently appellant was guilty of murder. If the jury did not believe them, defendant would have been acquitted, or found guilty of no greater degree of homicide than manslaughter. Deceased was not armed, and defendant knew this. He had thrown his last rock at appellant. They were both on horseback; and hence, though deceased was a violent and turbulent man, defendant, with pistol in hand, knew that he was in no possible danger.

The court submitted to the jury the rules contained in articles 571 and 572 of the Penal Code. Counsel for appellant contend that this was error; that the rule contained in article 572 should not have been charged in this case. We are of opinion that both articles should have been given in charge to the jury, because the jury may not have believed it was the purpose and intent of deceased to commit the offense of murder, or to inflict upon defendant such injury as might probably result in his death. We have examined, though not written upon, all the questions relied upon for a reversal of the judgment. We have found no such error as requires a reversal of the judgment, and it is affirmed.

*Affirmed.*

Davidson, J., absent.