JIM LILES v. THE STATE.

No. 762. Decided March 8, 1911.

Rehearing Denied April 5, 1911.

1.—Assault to Rape—Evidence—Opinion of Witness.

Where, upon trial for assault with intent to rape, the State's witness testified that on the night of the alleged offense he heard a female voice crying and a man's voice rebuking her and that the next morning he went to this place from where the voices came and saw mule tracks, woman's tracks, and the grass mashed down for a certain space, this was not opinion testimony and admissible.

2.—Same—Evidence—Hearing Voice not Opinion Testimony.

Where, upon trial of assault to rape, the State's witness testified that she heard the cries of a girl and recognized another voice as that of the defendant with whose voice she was familiar, this was not opinion testimony and admissible.

3.—Same—Evidence—Hearsay—Withdrawal of Testimony.

Where, upon trial of assault to rape, a State's witness was permitted to detail a conversation between herself and her husband which amounted in substance to what had been testified to by each of the witnesses and the court withdrew said testimony, there was no error.

4.—Same—Evidence—Impeachment—Cross-Examination.

Where, upon trial of assault to rape, the defendant placed on the stand a witness by whom he sought to impeach prosecutrix on the question of penetration, there was no error in permitting the State on cross-examination to bring out the entire conversation.

5.—Same—Evidence—Contradicting Witness—Limiting Testimony.

Upon trial of assault to rape, there was no error in permitting the State to prove contradictory statements made by defendant's witness and limiting this testimony.

6.—Same—Charge of Court.

Where the special charge had already been given in the main charge, there was no error in refusing same.

Appeal from the District Court of Palo Pinto. Tried below before the Hon. W. J. Oxford.

Appeal from a conviction of aggravated assault; penalty, a fine of $500 and one year imprisonment in the county jail.

The opinion states the case.

*J. T. Daniel* and *P. C. Sanders* and *Penix & Eberhart,* for appellant.—On question of admitting hearsay and withdrawing same: Darnell v. State, 58 Texas Crim. Rep., 585, 126 S. W. Rep., 1122; Henard v. State, 46 Texas Crim. Rep., 90, 79 S. W. Rep., 810; McCandless v. State, 42 Texas Crim. Rep., 58, 57 S. W. Rep., 672; Hatcher v. State, 43 Texas Crim. Rep., 237, 65 S. W. Rep., 97.

On question of admitting impeaching testimony by grand juror: Christian v. State, 40 Texas Crim. Rep., 669, 51 S. W. Rep., 903; Hines v. State, 37 Texas Crim. Rep., 339, 39 S. W. Rep., 935; Gutgesell v. State, 43 S. W. Rep., 1016.

On question of admitting in evidence statement of witness about tracks, etc.: Liles v. State, 125 S. W. Rep., 921; Clark v. State, 28 Texas Crim. App., 195; Rippey v. State, 29 Texas Crim. App., 37; Thompson v. State, 19 Texas Crim. App., 593; Goldsmith v. State, 32 Texas Crim. Rep., 112.

Upon question of permitting State's witness to state conversation between herself and husband: Darnell v. State, 35 Texas Crim. Rep., 585, 126 S. W. Rep., 1122; Clements v. State, 61 Texas Crim. Rep., 161, 134 S. W. Rep., 728.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, charged with assault with intent to rape. He was placed on trial this time, under the indictment for the offense of making an aggravated assault on Annie Lee Liles, a girl under fifteen years of age, and convicted, his punishment being assessed at a fine of $500 and imprisonment in the county jail for one year.

This is the second appeal in this case, the judgment of the court upon the former appeal being reported in 58 Texas Crim. Rep., 310. Defendant reserved a number of bills of exception to the admissibility of certain testimony. The first three relate to the testimony of Dudley Lotspeich. This witness testified that on the night of the alleged assault he saw a man and woman, or girl, come riding by his house, riding a black mule; just after passing his house they turned out of the road and rode down into a mesquite flat; shortly thereafter he heard a female voice crying, and heard a man's voice rebuking her. He recognized the man's voice as that of the defendant. He did not go down there that night, but next morning he went to where he saw the man leave the road the night before and

found the mule's tracks; he followed the mule's tracks down into the mesquite flat to where the mule stopped; he could tell he stopped, because it was tramped down and he could see the mule's tracks. Here he also saw the tracks of a girl, or small woman, and a man's tracks. The grass about the place had been mashed down over a space of two or three feet or more. Defendant objected to the witness stating "he saw the tracks of a girl or small woman," on the ground that it was an expression of opinion; he also objected to that part of the testimony about the mule's tracks and could tell where the mule stopped, because it was tramped down and he could see the mule's tracks, and that he there saw also the tracks of a girl or woman, on similar grounds; he also objected to the witness testifying that there was a place on the ground where the grass had been mashed down over a space of two or three feet. We hardly think this testimony bears the construction placed thereon by defendant. It was not opinion evidence, but a mere recitation of facts. He saw the mule's tracks; he saw the woman's tracks; he saw the grass mashed for a certain space. As we understand the rule, this character of testimony has always been held admissible. Clark v. State, 28 Texas Crim. Rep., 195; Rippey v. State, 29 Texas Crim. Rep., 37; Thompson v. State, 19 Texas Crim. Rep., 593; Goldsmith v. State, 32 Texas Crim. Rep., 112.

Defendant also reserved bills of exception to certain parts of Mrs. Lotspeich's testimony. She testified: "I heard the cries of a woman or girl; I recognized one as the voice of a female, and also heard the sound of a man's voice, both of which seemed to be located out in the flat of bushes across the road from my home. I could not understand anything that was being said by the man or girl, but could plainly distinguish the tone of the voices as that of a man and a woman, or girl. At times his voice would be low, but as the cries were louder or more distinct, his voice would be louder, and judging from the tone, they were of a rebuking manner, as though to get the other voice to hush. I heard the man's voice distinctly, as I thought, and recognized it as that of defendant. As to the voice of the female, it did not occur to me at all who it was. I could hear her talking, but could not distinguish the words, and her talk would be intermingled with cries." Defendant's objection was to that part of the testimony where the witness says she took the voice of the man to be that of Jim Liles, defendant. The witness also testifies: "I do not say positively that the man's voice I heard was that of defendant. Only remember that I recognized it at the time as his voice, but I could be mistaken as to the identity. I had heard his voice a number of times." In the light of all the testimony of the witness, we think the statement admissible. She shows she is familiar with the sound of defendant's voice; that he was at times talking loudly and she recognized it as his voice. This is not an opinion, but a statement of a fact, giving the grounds upon which she alleged she knew the

voice. Defendant also reserved a bill to the action of the court in permitting the witness to detail a conversation between herself and her husband that night. She said when her husband came in they both began talking, "and we both stated we recognized the man's voice. I remarked to my husband, 'Didn't that man's voice sound like Jim Liles'?' and he answered 'it did to him,' and that is who I took it to be." Defendant promptly objected to this testimony, and reserved a bill of exceptions. The court in explanation of this bill states the defendant, on cross-examination, developed that Mrs. Lotspeich and her husband held a conversation in regard to these matters, and he was under the impression that defendant had gone into this conversation, but upon defendant insisting that he had not done so, he withdrew it from the jury, and in his charge to the jury we find the following clause: "I withdraw from your consideration, gentlemen, evidence of Mrs. Lotspeich in regard to the things she testified her husband told her, and which she told her husband on the night of the alleged assault, immediately after he came back into the house, and you will not consider said statements between said parties for any purpose whatever, but will entirely eliminate it." In a number of cases in this State it has been held where evidence was erroneously admitted, but the court afterwards withdraws it from the jury, and instructs them to disregard it, the error in admitting it is cured. Sutton v. State, 2 Texas Crim. App., 342; Moore v. State, 7 Texas Crim. App., 14; Reynolds v. State, 8 Texas Crim. App., 412; Graves v. State, 14 Texas Crim. App., 113; Skaggs v. State, 31 Texas Crim. Rep., 563.

This has always been the rule, unless the testimony is such that its effect is very harmful and prejudicial. Apply this general principle to this case, there was nothing testified to in the conversation except what had been testified by each of the witnesses, and which was properly admissible and this does not present reversible error.

In his next bill of exceptions defendant complains that when defendant placed the witness Geo. Metcalf on the witness stand to impeach the State's witness, Annie Lee Liles, and prove by him that said State's witness had testified before the grand jury that "defendant had penetrated her," the court erred in permitting the State on cross-examination to prove the following facts:

"The witness stated, in addition to what I have heretofore testified to, that at the time of the penetration, which she stated had occurred, she was lying on the ground, and that the defendant was on top of her. The witness did not use the word penetrate, but being questioned as to the fact she stated that defendant had his private parts against her, and that he had tried to get her drawers up, and that he finally put it in her, and that she continued to slap him in the face." When the defendant placed the witness on the stand, and it was sought to impeach the witness by an isolated circumstance,

all he said in that connection was admissible and the court did not err in this respect.

The court did not err in permitting the State to prove contradictory statements made by the defendant's witness, Mrs. Josie Liles, limiting the purpose for which it was admitted in his charge, as he did.

The court gave in his main charge almost the exact language of special charges Nos. 2 and 3, consequently there was no error in refusing to give said special charges. The court also gave the special charge requested by defendant on the question of alibi. The charge in this case was a fair presentation of the law as applicable to the facts in evidence, and finding no reversible error the judgment in this case is affirmed.

*Affirmed.*

[Rehearing denied April 5, 1911.—Reporter.]