WILL CLAY, JR., v. THE STATE.

No. 4468.   Decided May 9, 1917.

Rehearing overruled June 13, 1917.

**1.—Murder—Bill of Exceptions—Continuance—Bystander's Bill.**

Where, upon trial of murder, the defendant complained that he was not fairly treated by the court in the preparation and presentation of an application for continuance, and excepted to the qualification of his bill of exception, but finally requested the court to prepare the bill of exceptions, it was incumbent upon him, if he did not like the bill prepared by the court, to interpose his objection and prepare a bill of exceptions and prove it up by bystanders.

**2.—Same—Continuance—Want of Diligence—Cumulative Testimony.**

Where the record on appeal showed that no process had been issued for the witnesses and the testimony could have been obtained, and that there was a total want of diligence in procuring the same, there was no error in overruling the application for continuance. Besides the absent testimony was cumulative.

**3.—Same—Evidence—Motive—Other Transactions.**

Upon trial of murder, there was no error in permitting the State to introduce evidence going to show that a few moments before the homicide there was a difficulty between deceased and another, which aroused the anger of the defendant, and would tend to show motive of appellant in committing the homicide.

**4.—Same—Rehearing—Continuance—Facts Stated in Opinion.**

Where appellant contended in his motion for rehearing that this court was in error in stating that the absent testimony was cumulative, but under the view taken in the original opinion the court held that the application for continuance was overruled for want of diligence, the contention of appellant would be immaterial. Besides the record showed that the evidence was cumulative.

**5.—Same—Counsel for Defendant—Continuance—Want of Diligence.**

Where it appeared from the record that the attorneys who originally represented the defendant had passed out of the case, and that other counsel now represented defendant, still this would not account for want of diligence on the part of the defendant, especially where the application was a subsequent one; and defendant had knowledge and opportunity as to the witnesses who were material, and who could have been secured at the trial, and there was no reversible error in overruling the application.

Appeal from the District Court of San Augustine. Tried below before the Hon. J. A. Hancock, Special Judge.

Appeal from a conviction of murder; penalty, thirty years imprisonment in the penitentiary.

The opinion states the case.

*K. W. Stevenson* and *E. T. Anderson,* for appellant.—On question of modifying bill of exceptions: Moore v. State, 83 S. W. Rep., 1117; Jones v. State, 23 id., 793.

On question of cumulative testimony: Gilcreast v. State, 28 S. W. Rep., 531; Bozier v. State, 5 Texas Crim. App., 222.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of motive: Hamlin v. State, 41 Texas, 140; Smith v. State, 44 Texas Crim. Rep., 267.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of murder, the jury awarding him thirty years confinement in the penitentiary.

This is the second appeal, the former appeal being reported in 78 Texas Crim. Rep., 141, 180 S. W. Rep., 277. The facts are not materially different from those on the former appeal, and it is thought unnecessary to make a statement of the evidence.

When the case was called for trial appellant moved for a continuance. The court stated to him he would allow him fifteen or twenty minutes in which to prepare the application. Appellant demurred to this, and finally counsel were permitted to go to their office with a view of preparing the application. After being gone from fifteen to thirty minutes they returned to the courtroom and dictated the application to the court stenographer. The court states in the bill prepared by counsel that when the fifteen or twenty minutes offered counsel in which to prepare and present the application were declined by counsel, he informed counsel that they might state it orally and then reduce it to writing. This was declined, and the court then tendered counsel the court stenographer to whom he might dictate the application. This was declined, and

counsel went away to his office to prepare the application. After being absent a while he returned and finally dictated in the courtroom an application for a continuance. The court qualifying appellant's bill states that this took about an hour and thirty minutes. To this qualification to the bill of exceptions prepared by appellant's counsel objection was urged, and the court requested to write out a bill, which he did. Appellant objects to all this, and says he has not been treated fairly in the preparation and presentation of this matter. When he excepted to the qualification of his bill as stated and requested the bill finally prepared by the court, it was incumbent upon him, if he did not like the bill prepared by the court, to interpose his objection and prepare one and prove it up by by-standers. The court states that his bill was prepared at the request of counsel, and it so shows in the record, and having accepted the matter in the situation it is placed in the record, appellant is in no condition to complain. He had his remedy if he did not like his treatment by the court in preparing a bill setting out the matter as he desired it set out and as he believed justified by the facts, and proved up by by-standers, showing his view of the situation at the time. We find no reversible error in this matter.

Another bill presents an application for continuance on account of the absence of two witnesses stated to be eyewitnesses to the homicide who had removed from San Augustine to Milam County. The other two witnesses were citizens of San Augustine County. This killing occurred on June 19, 1915. This process was not issued until January, 1917, a few days prior to the trial. This process, it seems, was not returned. There is an utter want of diligence in the issuance of process. Counsel for appellant states that they had just been appointed, were young men, and had not familiarized themselves fully with the case, and that prior to their appointment as counsel appellant had been defended by other attorneys, and it may be inferred from the record that they were no longer connected with the case. If process had been issued prior to this time and the witnesses had attended or not attended, as the case may be, these matters should have been shown. But the question of diligence is one of importance in this case, especially in view of the fact that practically all of the absent testimony would be but cumulative of that given on the trial. It may be stated, however, this does not appear to be a first but a subsequent application.

Appellant reserved exception to the introduction of evidence going to show that a few moments before the homicide there was a difficulty between deceased and Clyde Roberts, and that deceased slapped Roberts and Roberts struck deceased, causing him pain and bloodshed. Deceased, Perkins, applied to an officer who was on the ground for protection against Roberts, or for the arrest of Roberts, and the officer did arrest and take Roberts from the ground. When this happened the State's theory was that appellant became enraged about it and made threats to kill deceased because he "turned in" Roberts to the officer. All of the parties named except the officer were negroes, and it was the

19th of June celebration. In connection with appellant's outraged feelings at the conduct of deceased in having Roberts arrested, he went to where deceased was and trouble ensued between them, and appellant, under some of the testimony, exhibited a pistol, and parties then took appellant away a few steps and in pulling him or carrying him away he lost his hat. He went back to get his hat, or at least returned to the place where he had had the difficulty with deceased, and the shooting occurred. The State's evidence goes to show he went back for the purpose of shooting and did shoot deceased just as soon as he returned to the place where deceased had a refreshment stand. Appellant's theory was that he went back for the purpose of getting his hat and that deceased reached for and obtained a shotgun which was at the refreshment stand, and he then shot. Appellant's contention is that the court was in error in permitting evidence of the trouble between deceased and Clyde Roberts. We can not agree with this contention. If appellant became outraged on account of the fact that deceased, who was a negro, had a white officer to arrest another negro at their celebration, and made this a personal matter with the deceased, the trouble between deceased and Roberts formed a predicate for appellant's subsequent action, and, of course, became relevant and material to understand the reasons and motive of appellant in doing what he did. There was no error on the part of the court admitting this testimony. Nor was there any error in refusing special requested instructions withdrawing this testimony from the jury.

Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### June 13, 1917.

DAVIDSON, PRESIDING JUDGE.—On a former day of the term the judgment herein was affirmed. Appellant urges error in the opinion in overruling, among other things, the application for a continuance. It is contended that the court was in error in stating that the absent testimony was cumulative. The writer has reviewed the case with some degree of interest. The urgent and courteous manner in which the application is presented is commended. If it be conceded that the testimony is not cumulative, the question as to want of diligence is not to be questioned. The writer is of opinion still that the evidence may be regarded as cumulative, but under the view taken in the former decision and now taken it is a matter of not much importance. It was not the real basis of the ruling of the court with reference to the application. It was but an incidental statement as will be observed in reading the original opinion. The want of diligence was a fatal question to appellant's contention that the overruling of his application was error. There was not sufficient diligence to obtain the presence of the absent witnesses. This killing occurred on June 19, 1915, at a negro celebration where there were a great number of negroes as-

sembled in honor of their emancipation day. The indictment was returned by the grand jury on the 12th of the following July. There was a trial of the case resulting in a conviction, followed by an appeal to this court in which a reversal was awarded. 78 Texas Crim. Rep., 141, 180 S. W. Rep., 277. These matters are mentioned to show that the case was before the court from the return of the indictment until the refusal of this application some time in January or early in February, 1917. Process was not issued for these witnesses, so far as the record shows, at any time until January, 1917. There is no reason given or stated in the application why process was not issued earlier unless it be the statement that the present counsel were not engaged in the case until subsequent to the former appeal and reversal. It would seem from this that the lawyers who originally defended had passed out of the case. Conceding all the commendable diligence on the part of present counsel in working up the case and ascertaining the facts, still this would not account for want of diligence on the part of the defendant since the return of the indictment to secure the presence of the witnesses. This was not a first but a subsequent application. The statement of facts shows that at the 19th of June celebration there were quite a number of negroes in and about the grounds and that many of these saw and heard the incidents that led up to the tragedy and heard much that was said. Some of the testimony stated in the application was known to other witnesses; at least it reasonably so appears from the record and the statements in the application. For instance, the witness Will Roberts, who was alleged to have left the County of San Augustine and gone to Milam County, would have testified to facts and statements that occurred in appellant's presence and between Perkins, the deceased, and appellant's father. This statement in regard to this particular matter is that appellant was talking to his father when the deceased, Perkins, came up and struck him or slapped him. Appellant's father is not accounted for and did not testify in the case, and so far as this record is concerned no process issued for him. This is mentioned incidentally. Appellant being a participant in these matters which led to his killing Perkins, knew of these things and knew they were said and done and occurred in the presence of quite a number of witnesses, and yet no diligence is shown until this application. The accused must use reasonable diligence to secure the attendance of his witnesses, and we are of opinion that this was not done by him, and no reason is given as an excuse for failing to use this diligence. We deem it unnecessary to notice the other matters.

The motion for rehearing will be overruled.

*Overruled.*