# FEBRUARY, 1925.

---

## STEVE HAVARD v. THE STATE.

### No. 8649.   Delivered February 18, 1925.

1.—Murder—Continuance—Diligence Not Shown.

Where on a trial for murder, an application for a continuance was made on account of absent witnesses, who resided out of the county of the trial, it appeared that the indictment was returned in June; the cause set down for trial for Dec. 17th following, and subpoenas for the absent witnesses were issued on Nov. 17th the diligence is insufficient, and the continuance was properly refused. See collation of cases set out in this opinion.

2.—Same—Continuance—Character of Deceased—Not in Issue—Properly Refused.

Where an application for a continuance is based on the absence of witnesses by whom it is expected to prove the bad character of the deceased, and there is no evidence on the trial of threats against the appellant, by the deceased, nor that appellant was aware of the reputation of deceased, in the community to which the testimony of the absent witnesses related, the motion was properly refused. See cases cited in opinion.

Appeal from the District Court of Jasper County.   Tried below before the Hon. V. H. Stark, Judge.

Appeal from a conviction of murder; penalty, ten years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is murder; punishment fixed at confinement in the penitentiary for a period of ten years.

An altercation took place at a dance in which the appellant cut the deceased, Arthur Gay, with a sharp instrument, inflicting upon him mortal wounds from which he died within a short time.

The sufficiency of the evidence is called in question, but to our minds it is adequate to support the conviction. A review of it in detail is deemed unnecessary. When examining the deceased some thirty minutes after he was injured, the physician found him lying on the ground in water and blood. There were two severe and two small wounds upon his body. The muscles of his right arm were cut around and all the muscles and blood vessels under his arm were severed. Another wound below the ribs entering about the spleen and going to the hollow was three and one-half of four inches long. A part of the intestines and omentum were entering through the hole. The other wounds, one on the shoulder-blade and the other on the breast, were of minor importance. All the wounds were made with a sharp instrument.

An eye-witness for the State, in describing the affair, said that a dance was in progress and that Mr. Tanton, who was fiddling, ceased for a while, and the deceased took the instrument and played a tune by which the witness and others danced. Appellant appeared and with an oath said that no tune had been played except by Tanton. He was told by Tanton that deceased, Gay, had played and appellant, with an oath, said it was a lie. Deceased said he wanted no trouble but said that he had played a tune himself. Appellant reiterated the statement that it was a lie, using an oath and applying to deceased an insulting epithet. Deceased said, "Don't use no curse words, have respect for the ladies." Appellant said, "Damn the ladies and you too." The deceased, with his left hand, shoved the appellant back. Appellant cut the deceased's right arm. Disabled in that arm, deceased struck the appellant with his left hand. Appellant then cut the deceased in the side.

Another witness testified that appellant, a short time before the affray, stated that he intended to kill some one.

According to the appellant's version as developed from his testimony, he and others had employed Tanton to furnish music for the dance; that Tanton had stopped and had been absent for about thirty minutes and they wanted him to play. While they were discussing it, Gay said, " We have had music." Then the appellant said that they had had none by which any one could dance. This Gay denied, and appellant said, "Mr. Tanton, you play some more; we haven't had any music." Gay said that it was a g—— d—— lie, and

said to the appellant: "I will give you to understand that you ain't fooling with these g—— d—— Evadale folks when you are fooling with me," at the same time striking the appellant. Upon receiving the second blow and observing a knife in the hand of deceased, appellant knocked his "lick up" and went to cutting him, and continued to do so until he thought he was out of danger. There was evidence going to show that the deceased was some 40 or 50 pounds heavier than the appellant. There was also evidence that there was very slight difference in the size of the men. The exhibition of a knife by the deceased was controverted.

A motion to continue the case was made and the failure of the court to grant it is made the subject of complaint on this appeal. On December 6th, subpoena was issued to Liberty County for the witness Jordan, which was served on the 10th of that month. He and the other witnesses named in the application, according to the averments thereof, would have testified that they were well acquainted with the general reputation of the deceased and that he bore the reputation in the community in which he resided as being a person of dangerous, meddlesome and turbulent character. The indictment was filed in June, and the subpœnas for the other witnesses who resided in Polk County were issued on the 27th day of November. There were no returns at the time of the trial.

Touching the Polk County witnesses, the diligence to procure them is insufficient. The unexplained delay in causing the issuance of process forecloses the claim of diligence required by law. See Clay v. State, 81 Texas Crim. Rep. 293; Boaz v. State, 231 S. W. Rep. 790; Freddy v. State, 299 S. W. Rep. 533; Ice v. State, 84 Texas Crim. Rep. 509; Art. 608, C. C. P., Vernon's Tex. Crim. Stat., Vol. 2, p. 306; also 1922 Supplement, p. 2445.

Touching the witness Jordan, the materiality, in our judgment, is not such as to sustain the contention that in refusing to continue the case because of his absence there was a abuse of the discretion of the trial court. Jordan's testimony, according to the averment in the motion, related to the reputation of the deceased for violence in the community in which he lived. What that community was is not stated in the application. The evidence on the trial indicates that he lived in a different community from that in which the homicide took place. Some of the witnesses applied for resided in Polk County, and some in Liberty County. The trial took place in Jasper County.

There was no evidence of threats against the appellant by the deceased; nor is there evidence that the appellant was aware of the reputation of the deceased in the community to which the testimony of the absent witnesses related. The statute makes the character of the deceased relevant where evidence of threats is one of the defensive theories. See Art. 1143, P. C. In the absence of evidence of threats,

the reputation of the deceased as a violent or dangerous man ordinarily would not be relevant unless known to the accused.  See Henderson v. State, 12 Texas Rep. 525; Murray v. State, 36 Texas Rep. 642; Grissom v. State, 8 Texas Crim. App. 386; Skaggs v. State, 31 Texas Crim. Rep. 563; Earles v. State, 52 Texas Crim. Rep. 140; Branch's Ann. Tex. P. C., Sec. 2095; also Underhill on Crim. Ev., 3rd Ed., p. 723, sec. 504; Wharton's Crim. Ev., p. 262, sec. 80.

Deeming the evidence sufficient and failing to find any error committed upon the trial, the judgment is affirmed.

*Affirmed.*